Thomas M. Ryan, Respondent, *v.* Empire Engineering Corporation, Appellant.

**Waters and watercourses — navigation — injury to boat and cargo through failure of contractor to mark shoal in newly-excavated part of Erie canal — erroneous charge as to defendant's negligence and plaintiff's freedom from contributory negligence — improper instruction that jury must add interest to award of damages.**

1. In an action against a contractor, engaged in enlarging the Erie canal, for alleged negligence in failing to mark a shoal spot in the newly-excavated part of the canal about thirty to fifty-five feet from the original channel but apparently safely navigable, whereby plaintiff's boat ran aground and with its cargo was damaged, *held*, that although it appears that the defendant was required by his contract with the state to take such precautionary measures as might be necessary to guard against interruption to navigation, it was erroneous for the court in its charge and by refusals to charge to hold as matter of law that the plaintiff's boat was rightfully and without negligence where it was and that defendant as matter of law was guilty of negligence because in the course of and while still engaged in making excavations it allowed this uprising strip of bottom to exist.

2. The trial court instead of defining the rights and obligations of the parties by rigid rules of law should have submitted them to the jury with instructions as to the tests of reasonable conduct and ordinary prudence.

3. It was improper to instruct the jury that they must add interest to the amount, if any, which they should award as damages for the injury to plaintiff's boat.

*Ryan* v. *Empire Engineering Corp.*, 172 App. Div. 940, reversed.

(Argued November 18, 1918; decided December 10, 1918.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered January 25, 1916, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Alfred L. Becker* and *Frank A. Abbott* for appellant. The charge of the court erroneously held the defendant to a duty as matter of law to maintain a draft of seven feet of water in the uncompleted new channel. There was not even a question of fact as to such duty, and the plaintiff proved no negligence of defendant in this respect. (*Atlee* v. *Steam Packet · Co.*, 21 Wall. 389; *Robinson* v. *Chamberlain*, 34 N. Y. 389; *Johnson* v. *Belden*, 47 N. Y. 130; *Adsit* v. *Brady*, 4 Hill, 631; *French* v. *Donaldson*, 57 N. Y. 496; *Hicks* v. *Dorn*, 42 N. Y. 47; *Van Alstine* v. *Belden*, 41 App. Div. 123; *St. Peter* v. *Dennison*, 58 N. Y. 416; *Piercy* v. *Averill*, 37 Hun, 360; *Dunn* v. *Empire Engineering Corp.*, 147 App. Div. 237; 210 N. Y. 599.) The defendant was not negligent in failing to provide buoys or lights to mark the channel. Reciprocally, the plaintiff was chargeable with contributory negligence as a matter of law, or at least it was a question of fact. The effect of the charge, however, was substantially to instruct the jury as a matter of law that the pilot had a right to go outside of the channel of the old Erie canal. This was error. (*Atlee* v. *Steam Packet Co.*, 21 Wall. 389; *Davidson S. S. Co.* v. *United States*, 205 U. S. 187; *Casement* v. *Brown*, 148 U. S. 615; *The Margaret*, 94 U. S. 494; *The Florence*, 88 Fed.

Rep. 302; *V. O. Towing Co.* v. *Wilson*, 63 Fed. Rep. 626; *Harrison* v. *Hughes*, 125 Fed. Rep. 860.) The court improperly charged that proof that the vessel ran upon an obstruction in the canal was sufficient to establish the defendant's negligence. (*Wandell* v. *Murray*, 239 Fed. Rep. 847; *Huntley* v. *Empire Engineering Corporation*, 211 Fed. Rep. 959; *Otts* v. *Ludingston's Sons*, 229 Fed. Rep. 538; 229 Fed. Rep. 454; *Morris* v. *L. S. & M. S. Ry. Co.*, 148 N. Y. 182; *Cadwell* v. *Arnheim*, 152 N. Y. 182; *Rupert* v. *Brooklyn Heights R. R. Co.*, 154 N. Y. 94; *Travell* v. *Bannerman*, 174 N. Y. 52.) The court erred in its refusal to admit evidence showing a prior statement by the witness Gillson, contrary to his evidence on the trial. (*Reed* v. *McCord*, 160 N. Y. 330.) The court erred in charging the jury, as matter of law, that the plaintiff was entitled to interest on the amount recoverable for the value of the boat during the time she was out of commission. (*Walrath* v. *Redfern*, 18 N. Y. 457; *Black* v. *Camden & Amboy R. Co.*, 45 Barb. 40.)

*John B. Richards* for respondent. The fact that the obstruction upon which the *Hudson* stranded was outside of the navigable channel of the Erie canal as it existed prior to the work of improvement, did not relieve the defendant from the result of its negligence in creating such obstruction and leaving it unmarked and unbuoyed. (*Robinson* v. *Chamberlain*, 34 N. Y. 389; *Johnson* v. *Belden*, 47 N. Y. 130; *Adsit* v. *Brady*, 4 Hill, 631; *French* v. *Donaldson*, 57 N. Y. 496; *Hicks* v. *Dorn*, 42 N. Y. 47; *Van Alstine* v. *Belden*, 41 App. Div. 123; *St. Peter* v. *Dennison*, 58 N. Y. 416; *Piercy* v. *Averill*, 37 Hun, 360; *Dunn* v. *Empire Engineering Corp.*, 147 App. Div. 237; 210 N. Y. 73; *R. S. Towing Co.* v. *Snare & Triest Co.*, 194 Fed. Rep. 672.) The evidence amply supports the finding of the jury that the defendant was negligent, and there is no failure of proof in that regard. (*Huntley*

*v. Empire Engineering Corp.*, 211 Fed. Rep. 961; *Griffin v. Manice*, 166 N. Y. 188; *Marceau* v. *Rutland R. R. Co.*, 211 N. Y. 203; *Sweeney* v. *Edison Electric Illuminating Co.*, 158 App. Div. 449; *Robinson* v. *Consolidated Gas Co.*, 194 N. Y. 37; *McNulty* v. *Ludwig Co.*, 153 App. Div. 206.) It was not error to exclude the testimony of witness William B. Gallagher with reference to an alleged conversation with Captain Gillson. (*Reed* v. *McCord*, 160 N. Y. 330; *White* v. *Miller*, 71 N. Y. 118; *Happy* v. *Mosher*, 48 N. Y. 313; *Kay* v. *Metropolitan St. Ry. Co.*, 163 N. Y. 447; Greenl. on Ev. [13th ed.] 141, § 113.) The question of plaintiff's contributory negligence was correctly submitted to the jury by the trial court. (*Casement* v. *Brown*, 148 U. S. 615; *Blanchard* v. *W. U. Tel. Co.*, 60 N. Y. 510.) The jury did not include interest on the damages to the hull or on damages allowed for loss of use, and the plaintiff alone suffered by reason thereof, since there was no error in the charge that the plaintiff was entitled to interest on such damages. (*Eddy* v. *Lafayette*, 49 Fed. Rep. 808; *Schnede* v. *Zenith S. S. Co.*, 216 Fed. Rep. 566; 244 U. S. 246; *The J. C. Gilchrist*, 173 Fed. Rep. 666; Spencer on Marine Collisions, § 206; Roscoe on Damages in Maritime Collisions, 52; *The Bulgaria*, 83 Fed. Rep. 312; *The American*, 11 Blatch. 485; Fed. Cas. 285; *The Rickmers*, 142 Fed. Rep. 305, 314.)

HISCOCK, Ch. J. The defendant had a contract for enlarging the Erie canal near Spencerport to the dimensions required for the barge canal and at the time and place of the accident herein involved had partially completed its contract. It made excavations " in the wet," that is, underneath the surface of water. In the course of its work and at the time of the accident the bank on the towpath side of the canal had been changed and set back somewhat and the excavation upon the other side had been carried a considerable distance beyond the line

of the original berme bank, and so far as surface indications were concerned there was a waterway for travel much wider than that comprised within the lines of the original canal. As a matter of fact for a considerable distance beyond the original channel on the berme side of the canal the excavation had been made to a depth which rendered passage for a canal boat perfectly safe, with the exception that at one point estimated from about thirty to fifty-five feet beyond the original channel there had been left a strip of bottom ten or fifteen feet long, more or less studded with boulders at its top, and coming so near to the surface of the water that an ordinary canal boat would strike thereon.

Under its contract defendant was required to so conduct its work " as not to interfere with the navigation of the present (old) canal * * * between the 15th day of May and the 15th day of November of each year," and it was required to take " such precautionary measures as may be necessary * * * to guard against the interruption or injury to navigation."

At night in the month of August plaintiff's canal boat, loaded with grain, was being pushed by a steam-propelled boat through the canal in the locality in question, under the guidance of an experienced and qualified pilot. As the latter steered to the berme side in order to pass other boats coming from the opposite direction, plaintiff's boat was shoved upon the strip of bottom above described with the result that its bottom was broken and its cargo substantially damaged. As already indicated, there is some difference in testimony as to the exact location of this accident as compared with the original line of the channel on the berme side, but as I understand the evidence it was not less than thirty nor more than fifty-five feet distant therefrom and was in about the center of the waterway as it then appeared, taking into account the enlarged portion of the canal created by defendant's

excavations, and there was nothing in the way of buoys or lights to mark the original lines of the canal or the location of this particular strip of bottom which was dangerous to navigation.

Plaintiff recovered a verdict because of defendant's alleged negligence, and because of the latter's claims of error on the trial we are presented with the questions what were the rights of the respective parties and where was the fault, if any, which led to the accident.

In attempting to define these rights the trial court charged, as outlining those of the plaintiff, that " The navigators of the Hudson had the right to assume, in the absence of buoys, lights or other indications, that the waterway was safe, certainly to a reasonable extent beyond the exact lines of the old canal." And it further charged as defining the obligations and liabilities of the defendant that if the boat struck the obstruction which has been referred to and that this was what caused it to sink, " then the plaintiff has made out his case so far as the defendant's negligence is concerned." And further, as accentuating this view, the court refused to charge " that the defendant was not bound to keep any portion of the work *under improvement* in condition for navigation, which was not included within the navigable portion of the Erie Canal," and also that if the place where the boat sank " was merely a portion of the work under improvement, where the excavation was not complete, negligence cannot be imputed to the defendant solely for a failure to remove the materials therefrom to a depth sufficient for navigation."

Thus it was in effect held as matter of law that the plaintiff's boat was rightfully and without negligence where it was although a substantial distance beyond the lines of the Erie canal whereon it was traveling and that defendant as matter of law was guilty of negligence because in the course of and while still engaged in making

excavations it allowed this uprising strip of bottom to exist.

We think that these instructions were altogether too favorable to the plaintiff and very unfavorable to the defendant. In our opinion the trial court instead of defining the rights and obligations of the parties by rigid rules of law as he did, should have permitted them to be determined by the flexible judgment of the jury under those tests of reasonable conduct and ordinary prudence which are so familiarly applied to the solution of such situations as arose here. (*Davidson S. S. Co. v. United States*, 205 U. S. 187.) Take the case of the plaintiff to whom is attributable the conduct of the pilot. The jury could have said upon the evidence as now presented that the latter was chargeable with knowledge that the old canal at this point was in process of being widened to the dimensions of the barge canal and that he was steering plaintiff's boat beyond the lines of the original canal into the space of new construction where it was fairly to be apprehended that there might be incomplete excavations and resulting dangers to navigation. If the jury did thus determine they could have found that this was taking unreasonable chances and that contributory negligence was chargeable to plaintiff which barred a recovery. But again, while they might have taken this view, we think the evidence also permitted them to take a different one which alike would exonerate plaintiff from the imputation of contributory negligence and impose upon defendant responsibility for the fault of negligence. They might have said that with the obliteration of old lines by new construction a pilot ought not to be charged with knowledge of the exact location of those old lines; that there was nothing in the appearance of the waterway to indicate that the work of excavation was uncompleted or to make a man of reasonable prudence apprehensive that if he steered a

short distance beyond the line of the old channel he would encounter a small uprising and dangerous space in the midst of what was otherwise perfectly safe navigation, and, therefore, that warning ought to have been given of this threatening condition by buoys, lights or other proper means. If their minds traveled in this direction the jury could have found the defendant to have been negligent.

Without attempting of course to detail all the circumstances or to formulate the exact language in which instructions should have been given to the jury, the foregoing is a statement of the principles which should have underlaid and governed those instructions. As has been pointed out, the ones which were actually given were far away from them and were prejudicial to an extent requiring a reversal of the judgment.

Some other questions are argued which may be briefly answered for guidance upon the new trial.

It was not error to exclude evidence of the witness Gallagher concerning alleged statements made by the witness Gillson that the accident to plaintiff's boat really happened at another place. Gillson had no personal knowledge and could give no evidence in respect of this subject. Any statements he may have made were not a subject of proof.

It was of course improper to instruct the jury that they must add interest to the amount, if any, which they should award as damages for the injury to plaintiff's boat.

The judgment should be reversed and a new trial granted, with costs to abide the event.

COLLIN, CUDDEBACK, CARDOZO, POUND, CRANE and ANDREWS, JJ., concur.

Judgment reversed, etc.